*This opinion is subject to revision before publication.*

# UNITED STATES COURT OF APPEALS
### FOR THE ARMED FORCES

———————

### UNITED STATES
Appellee

**v.**

### Andrew D. STEELE, Master Sergeant
United States Army, Appellant

**No. 22-0254**
Crim. App. No. 20170303

Argued January 24, 2023—Decided March 30, 2023

Military Judges: Lanny J. Acosta Jr. and
Sean Mangan (trial); J. Harper Cook and
Matthew S. Fitzgerald (rehearing)

For Appellant: *Captain Sarah H. Bailey* (argued);
*Colonel Michael C. Friess, Lieutenant Colonel Dale
C. McFeatters*, and *Major Mitchell Herniak* (on
brief); *Jonathan F. Potter*, Esq.

For Appellee: *Major Jennifer A. Sundook* (argued);
*Colonel Christopher B. Burgess, Lieutenant Colonel
Jacqueline J. DeGaine*, and *Captain Timothy R. Em-
mons* (on brief).

Judge MAGGS delivered the opinion of the Court, in
which Chief Judge OHLSON, and Judge SPARKS,
Judge HARDY, and Judge JOHNSON joined.

———————

Judge MAGGS delivered the opinion of the Court.

Before reaching this Court, Appellant appealed twice to the United States Army Court of Criminal Appeals (ACCA). In his first appeal, the ACCA affirmed the findings of guilt but ordered a rehearing on the sentence. *United States v. Steele (Steele I)*, No. ARMY 20170303, 2019 CCA LEXIS 95, at *9-10, 2019 WL 1076601, at *5 (A. Ct. Crim. App. Mar. 5, 2019) (unpublished). Resentencing occurred, and Appellant appealed to the ACCA again. *United States v. Steele (Steele II)*, 82 M.J. 695, 697 (A. Ct. Crim App. 2022). In this second appeal, Appellant raised a new argument with respect to the findings that he had not raised at trial, in his first appeal, or at resentencing. The ACCA, however, declined to consider this new argument because Appellant could not show "good cause for his failure to raise the claim in the prior appeal" and "actual prejudice resulting from the newly-raised assignment of error." *Id.* at 699-700. The ACCA adopted this "cause and prejudice" standard in part because federal courts use this standard when hearing successive appeals in habeas corpus litigation. *Id.* at 699 (citing *United States v. Chaffin*, No. NMCCA 200500513, 2008 CCA LEXIS 94, at *6, 2008 WL 746812, at *2 (N-M. Ct. Crim. App. Mar. 20, 2008) (unpublished)). In the sole assigned issue before this Court, Appellant contends that the ACCA's application of a cause and prejudice standard violated Article 66, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 866 (2012).[1]

We remand the case for the ACCA to clarify whether Appellant waived or forfeited the issue that he raised for the first time in his second appeal. Answering this question is essential to the resolution of the case, but the ACCA's opinion does not specify whether it considered the issue to be waived or forfeited and the parties did not fully brief it. As we explain more fully below, if an issue is not waived,

---

[1] We granted review of the following assigned issue: "Whether the Army Court improperly applied a federal habeas standard that is inconsistent with Article 66, UCMJ, in finding that Appellant forfeited review of his claim."

then the ACCA must review the issue, either for error or for plain error. But if an issue is waived, or no relief is available under plain error review, then the ACCA still has discretion under Article 66, UCMJ, to overlook the waiver or forfeiture and address the issue. In deciding how to exercise this discretion, the ACCA may consider issues of cause and prejudice.

## I. Background

Appellant and other enlisted members drank alcohol, took off their clothes, and engaged in sexual acts in a hot tub located in a communal area of an apartment complex. A military judge sitting as a general court-martial subsequently found Appellant guilty, pursuant to his pleas, of one specification of violating a lawful general order (for providing alcohol to a person under twenty-one years old) and one specification of fraternization in violation of Articles 92 and 134, UCMJ, 10 U.S.C. §§ 892, 934 (2012). The military judge also found Appellant guilty, contrary to his pleas, of one specification of indecent exposure in violation of Article 120c, UCMJ, 10 U.S.C. § 920c (2012), and one specification of disorderly conduct in violation of Article 134, UCMJ. The military judge sentenced Appellant to a bad-conduct discharge and reduction to the grade of E-3. The convening authority approved the findings and sentence as adjudged.

On appeal, Appellant argued that the evidence for finding him guilty of indecent exposure was legally and factually insufficient. The ACCA rejected this argument and affirmed the findings. *Steele I*, 2019 CCA LEXIS 95, at *3 n.4, 2019 WL 1076601, at *1 n.4. Appellant also argued that the convening authority acted improperly by affirming his sentence without a substantially verbatim transcript because twenty-seven minutes of the presentencing portion of the trial had not been recorded. The ACCA agreed and set aside the sentence and authorized a rehearing on the sentence. *Id.* at *4, *9-10, 2019 WL 1076601, at *3, *5. A rehearing on the sentence occurred. This time, the court-martial sentenced Appellant to reduction to the grade of E-5. The convening authority approved the new sentence.

In his second appeal to the ACCA, Appellant personally asserted, pursuant to *United States v. Grostefon*, 12 M.J. 431, 433 (C.M.A. 1982), that Article 120c, UCMJ, was unconstitutionally vague as applied to him and asked the ACCA to set aside the finding that he was guilty of indecent conduct. Appellant had not raised this argument at his initial trial, on his first appeal to the ACCA, or at the rehearing on the sentence. The ACCA specified that the parties should brief both this issue and whether the ACCA had discretion to review it. The ACCA ultimately declined to provide relief for procedural reasons, holding:

> [I]n second and successive appeals (like this one), we will provide relief for a new claim only where the appellant has shown both 1) good cause for his failure to raise the claim in the prior appeal; and 2) actual prejudice resulting from the newly-raised assignment of error; or 3) that manifest injustice amounting to actual innocence would result if we do not address the new claim.

*Steele II,* 82 M.J. at 699-700.

In adopting this test for when it would consider new arguments on successive appeals, the ACCA relied on two decisions by other Courts of Criminal Appeals that had also used a "cause and prejudice" standard in deciding whether to review new claims raised in subsequent appeals. *Id.* at 699 (first citing *United States v. Shavrnoch*, 47 M.J. 564, 566-69 (A.F. Ct. Crim. App. 1997), *aff'd in part and set aside in part on other grounds by* 49 M.J. 334 (C.A.A.F. 1998), and then citing *Chaffin*, 2008 CCA LEXIS 94, 2008 WL 746812). The ACCA also cited numerous similar federal court decisions that had applied the cause and prejudice standard when reviewing new claims raised in habeas corpus cases. *Id.* at 698-99.

Applying this standard, the ACCA determined that Appellant had "failed to show either cause, prejudice, or manifest injustice related to his new claim." *Id.* at 700. The Court saw no reason that Appellant could not have raised the issue earlier. *Id.* It further doubted that the constitutional argument had merit. *Id.* And it reasoned that even

4

if the court were to set aside the finding that he was guilty of indecent exposure, "he would still stand convicted of three other offenses, and he received only a reduction to E-5 at his resentencing."[2] *Id.*

In its opinion, the ACCA did not expressly state whether Appellant had waived or forfeited his claim that Article 120c, UCMJ, was unconstitutionally vague. The ACCA never mentioned forfeiture and addressed waiver only obliquely in its discussion of whether Appellant had shown good cause for failing to assert this argument earlier. In a footnote, the ACCA stated in relevant part: "Finally, we note that under the version of Article 66 applicable in this case, we could reach the merits of appellant's new claim under our 'should be approved' power, notwithstanding waiver or procedural default. We refuse to do so." *Id.* at 700 n.6 (citation omitted). But the Court did not say that waiver or forfeiture had occurred.

On appeal to this Court, Appellant argues that "[b]y applying a cause and prejudice standard to considering issues raised after a case is returned to the trial court, the Army Court created an unduly burdensome and exclusionary standard that cannot be reconciled with the wide-ranging scope and intent of Article 66, UCMJ." He contends that the cause and prejudice standard, which originated in federal habeas corpus cases, "is inappropriate for an Article 66, UCMJ direct appeal." He asked this Court to remand the case for a proper review under Article 66, UCMJ, which in his view would require the ACCA to consider his constitutional objection.

## II. Applicable Law

The ACCA had jurisdiction to review the findings and sentence in Appellant's case under Article 66(c), UCMJ. This provision states in relevant part:

---

[2] One judge wrote separately, joining the court's decision but also expressing the view that Appellant's constitutional claim had no merit. *Id.* at 701 (Smawley, C.J., concurring).

> In a case referred to it, the Court of Criminal Appeals may act only with respect to the findings and sentence as approved by the convening authority. It may affirm only such findings of guilty, and the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, should be approved.

10 U.S.C. § 866(c) (2012). This Court has held that if an accused raises an issue for the first time on appeal, a Court of Criminal Appeals (CCA) has discretion "to determine *the circumstances, if any*, under which it [will] apply waiver or forfeiture." *United States v. Quiroz*, 55 M.J. 334, 338 (C.A.A.F. 2001) (emphasis added). This Court has reasoned that the power of a CCA to overlook waiver and forfeiture, if it so chooses, stems from the language of Article 66(c), UCMJ, which directs a CCA to affirm only those findings and sentences that it "determines, on the basis of the entire record, should be approved." *Id.*

A CCA's discretion under Article 66(c), UCMJ, however, runs in only one direction: although a CCA may choose to review a waived issue, a CCA cannot refuse to review an issue that was not waived. *See, e.g., United States v. Gaskins*, 72 M.J. 225, 232 (C.A.A.F. 2013) (holding that the CCA erred in not reviewing an issue that was not waived). Similarly, although a CCA may use its power under Article 66(c), UCMJ, to overlook a forfeiture, it cannot refuse to apply, at a minimum, plain error review. *See, e.g., id.* (holding that plain error review applied to an issue that was forfeited).

### III. Discussion

In this case, as noted above, the ACCA's opinion was unclear in a key respect: The ACCA did not expressly rule on whether Appellant waived his constitutional challenge to his indecent exposure argument. The issue of waiver is important based on the principles explained above. On one hand, if Appellant did not waive this challenge, then the ACCA should have considered it either for error or plain error. On the other hand, if Appellant did waive the issue,

then the ACCA was under no obligation to review the issue at all, but it could review the issue in the exercise of its discretion under Article 66(c), UCMJ. *See Quiroz*, 55 M.J. at 338. A CCA may select its own standard for exercising its discretion under Article 66(c), UCMJ, to review waived issues or forfeited issues where there is no plain error. *Id.* If it so chooses, the CCA may require a showing of cause and prejudice before it will review such issues.

Whether an issue is waived or forfeited is an issue of law that this Court could decide. But here we think it preferable to set aside the ACCA's decision and remand the case to allow the ACCA to rule on this question in the first instance or to clarify its prior ruling.[3] In deciding whether Appellant's argument was waived or forfeited, the ACCA may consider the Rules for Courts-Martial, its own appellate rules, and other principles of appellate litigation established by precedent. If the ACCA determines that the vagueness issue was waived, the ACCA may choose not to review it further. If the ACCA finds that the vagueness issue was forfeited, but not waived, then at a minimum the ACCA must review it for plain error. In either case, the ACCA has discretion to grant relief under its Article 66, UCMJ, powers, notwithstanding a waiver or forfeiture.[4]

## IV. Conclusion

The decision of the United States Army Court of Criminal Appeals is set aside. The case is returned to the Judge Advocate General of the Army for remand to that court for further review, consistent with this opinion, under Article

---

[3] Appellant's counsel stated at oral argument that Appellant had not waived the issue. The Government does not expressly disagree with this position in its brief but does cite the rule that an appellant may be precluded from raising issues on appeal due to waiver.

[4] The ACCA appears to have already decided that it would not use its authority under Article 66(c), UCMJ, for this purpose. *Steele II*, 82 M.J. at 700 n.6. But given our uncertainty about the ACCA's analysis, we leave it to the ACCA to determine the import of this prior decision upon remand.

66, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 866 (2012).